UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
--------------------------------------------------------X
RICHARD ARNDT, individually and on behalf
of a class                                                               Case No.
                         Plaintiff,

v.                                                              COMPLAINT   CLASS ACTION
                                                                       JURY TRIAL DEMANDED
BROCK & SCOTT, PLLC; and
COMPREHENSIVE LEGAL SOLUTIONS, INC.
                         Defendants.
--------------------------------------------------------X


Plaintiff pleads under Rule 8 through his attorney as follows:

## INTRODUCTION AND BACKGROUND FACTUAL INFORMATION

1. Plaintiff, Richard Arndt, brings this class action lawsuit against Brock & Scott, PLLC ("B&S") and Comprehensive Legal Solutions, Inc. ("CLS") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and against Comprehensive Legal Solutions, Inc. for violations of the Fair Business Practices Act ("FBPA").

2. An Order was entered in Butts county on August 22, 2012 in favor of CLS and against Plaintiff for principal of $25,989.67, interest of 29.99% from January 30, 2009 until August 22, 2012 and the statutory rate thereafter and attorney's fees of $2,623.97.  A copy of the Order is attached as Exhibit A.

3. Georgia does not allow compound interest.

4. On December 18, 2018, CLS sought through B&S $67,200.49 which purportedly consisted of $30,939.50 in prejudgment interest, attorney's fees and costs. <u>A copy of the filed affidavit is attached as Exhibit B</u>.

5. The number $30,939.50 is incorrect because it is too high.

6. Even if the charge was for 30% for 3 years on the balance (it was less than that), that would only be $23,390.70 in interest, plus attorney's fees and costs does not equal $30,939.50.

## JURISDICTION AND VENUE

21. This Court has jurisdiction under 15 USC § 1692(k) (FDCPA), federal court jurisdiction and supplemental jurisdiction for the state law claims under 28 USC § 1367.

22. Venue in this District is proper because a substantial part of the events giving rise to this lawsuit occurred within this district.

## PARTIES

23. Defendant B&S is a North Carolina law firm engaged in consumer debt collection. Mansorrian v. Brock & Scott, PLLC, No. 8:18-cv-1876-T-33TGW, 2018 WL 6413484 (M.D. Fla. Dec. 6, 2018). See also

https://www.brockandscott.com/practice-area/creditors-rights-collections/ (checked 10/10/2019)

24. B&S is a "debt collector" as defined by the FDCPA.

25. CLS is a North Carolina corporation that purchases debt and then engages in collection activity for the purpose of collecting that debt. See http://www.complegalsolutions.com/for-consumers.asp (checked 10/10/2019). See also, Johnson v. Brock & Scott, PLLC, No. 5:11-CV-474-F, 2013 WL 6058199, at *3 (E.D.N.C. Nov. 15, 2013) ("In this case, Defendants do not contest that they qualify as "debt collectors" within the meaning of the Act or that Plaintiff owed a "consumer debt."")

26. CLS is a debt collector as defined by the FDCPA.

27. Plaintiff is a consumer as defined by the FDCPA.

## VIOLATIONS ALLEGED

## COUNT I – FDCPA CLAIM AGAINST B&S and CLS

29. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

30. § 1692d provides 6 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not engage in any conduct the natural

consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

31. § 1692e provides 16 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. § 1692f provides 8 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

33. Defendants violated one or more provisions of the FDCPA including but not limited to:

§ 1692e(2)(A) by falsely representing the character, amount and legal status of the debt.

§ 1692e(3) because the affidavit appeared to be from an attorney but was really the product of a lack of meaningful attorney review.

§ 1692e(10) because the affidavit contained a false representation or deceptive means to collect or attempt to collect any debt.

§ 1692f(1) by attempting to collect charges and fees which are not expressly authorized by the order.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Bedendants for:

(1) Appropriate statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

## **COUNT II – FBPA CLAIM AGAINST CLS**

37. Plaintiff incorporates all the above paragraphs as though fully stated herein.

38. CLS engaged in conduct that was consumer orientated.

39. CLS engaged in unfair and deceptive debt collection.

40. The public consumer interest would be served with this claim against CLS.

41. CLS's conduct has an adverse effect on the consumer marketplace and the economy in general.

42. Plaintiff's debt was incurred in a consumer transaction

43. Plaintiff was not required by the Fair Business Practices Act to give at least 30 days prior to instituting this lawsuit against CLS because it maintains no presence in the state of Georgia.

44. Plaintiff was injured because a greater amount of money than allowed was sought from him.

47. Plaintiff requests equitable injunctive relief from the Court that: 1) CLS be required to cease engaging in debt collection practices that violate the FBPA; and 2) CLS only file claims against consumers seeking the correct balance.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against CLS for:

   (1) Appropriate actual damages;

   (2) Injunctive relief

   (3) Litigation expenses, attorney's fees and costs of suit; and

   (4) Such other or further relief as the Court deems proper.

## CLASS ALLEGATIONS

54. Plaintiffs bring this action pursuant to FRCP 23(a); and FRCP 23(b)(2) and FRCP 23(b)(3) and on behalf of himself and 2 Classes.

55. The first class is

   All consumers where defendants records show that B&S filed an affidavit on behalf of CLS seeking more money than it was entitled to based on the

computation of the prejudgment interest, attorney's fees and costs on or after a date 1 year prior to the filing of this action.

56. The second class is

All consumers where defendants records show that B&S filed an affidavit on behalf of CLS seeking more money than it was entitled to based on the computation of the prejudgment interest, attorney's fees and costs on or after a date 2 years prior to the filing of this action.

58. Numerosity: Each class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to allege at this time the exact number of class members; however, Plaintiff believes that there are at a minimum thousands of Class Members. Plaintiff believes that Defendants' records maintained in the ordinary course of business will readily reveal the exact number of class members.

59. Commonality: This action presents material questions of law and fact common to the Classes. Such questions include but are not limited to-

Did B&S and CLS compute the wrong amount?

Did B&S conduct a meaningful attorney review of affidavits?

Did plaintiff and the class suffer damages?

60. Typicality: Plaintiffs' claims are typical of the claims of other members of each Class, as Plaintiff and other members of the Class suffered the same type of harm arising out of Defendants' failure to comply with the FDCPA, the FBPA and the security deposit statute.

61. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of each class member and has retained counsel competent and experienced in complex class actions. Plaintiff is a member of each Class, Plaintiff has no interest antagonistic to any other members of each Class, and Defendants have no defenses unique to Plaintiff.

62. Predominance: The questions of law or fact common to each Class Members predominate over any questions affecting only individual members. Defendants' course of conduct can be discovered without any need for participation by individual Class Members. Similarly, this Court's determination of law can be made without any need for participation by individual Class Members. Each Class members claims present no issues of causation or reliance unique to individual class members.

63. Superiority: A class action is superior to all other methods for the fair and efficient adjudication of this controversy. This action presents textbook facts and circumstances for the conduct of a class action to afford each individual Class

Member a fair and efficient manner by which to prosecute his or her common claims and, likewise, a fair and efficient manner by which Defendants may defend such claims.

64. Individual prosecution of this matter in separate actions is not desirable as each Class Member's damages likely is in the hundreds of dollars and they will need to incur nearly the same investment to prosecute their individual case as plaintiff in this case will incur to prosecute this case. The interests of individual Class Members are overwhelmingly best served by the conduct of a class action.

65. Individual litigation of this matter would unduly increase expenses to all parties and prolong efficient adjudication given the expected size of the class.

66. Upon information and belief, there is no other litigation concerning this controversy that has already been commenced by or against members of the class.

67. Class membership is readably identifiable from Defendants' records that they maintain such as name, social security number, last known address and other identifying data.

WHEREFORE, plaintiff requests that the Court certify each class and enter judgment in his favor and the class's favor and against CLS and B&S for:

(1) Statutory damages per the FDCPA;

(2) Actual damages, treble damages and punitive damages per the FBPA;

(3) Injunctive relief per the FBPA

(4) Litigation expenses, attorney's fees and costs of suit per the FDCPA and FBPA;

(5) Such other or further relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury on all issues so triable.

DATED this 10th day of October 2019.

        Respectfully submitted,
        By: s/ Shimshon Wexler
        GA Bar No. 436163
        The Law Offices of Shimshon Wexler, PC
        2244 Henderson Mill Rd., Suite 108
        Atlanta, GA 30345
        (212) 760-2400
        (917) 512-6132 (FAX)
        swexleresq@gmail.com

# EXHIBIT A

IN THE SUPERIOR COURT OF BUTTS COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| COMPREHENSIVE LEGAL SOLUTIONS, INC, <br> *Plaintiff,* <br> vs. <br> RICHARD D ARNDT, <br> *Defendant.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **CIVIL ACTION** <br><br> Civil Action No. 11-V-316 (W) |

## ORDER

CAME TO BE HEARD, the Plaintiff, upon its Motion for Default Judgment, and it appearing to the Court that:

1. The Summons and Complaint have been duly served upon the Defendant as appears of record, and the Court has acquired personal jurisdiction over the Defendant;

2. The time within which the Defendant was to Answer the Complaint has expired, and no Answer to the Complaint has been filed by the Defendant, and the Defendant is therefore in Default pursuant to O.C.G.A. §9-11-55;

3. More than fifteen (15) days has elapsed since the Default of the Defendant, and the Default of the Defendant has not been reopened as a matter of right or by Order of this Court;

4. This civil action is for liquidated damages upon an account, as shown in the Exhibits to the Complaint.

5. The Defendant has not tendered payment in full of the principal and interest claimed within ten (10) days of written notice being served upon such Defendant, and the Plaintiff is accordingly entitled to an award of reasonable attorney's fees pursuant to O.C.G.A. §13-1-11.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

Judgment shall be entered in favor of the Plaintiff, and against the Defendant, as follows:

| | | |
|---|---|---|
| Principal | $25,989.67 | |
| Interest | 29.99% | from January 30, 2009 until entry hereof, and thereafter at the statutory rate. |
| Attorney's Fees | $2,623.97 | 15% of principal balance up to $500; 10% of all amounts above $500. |

Together with the costs of this civil action.

SO ORDERED, This the _22_ day of _August_, 20_12_.

_____
Superior Court of Butts County
Judge Presiding

Presented By:

_____
Richard L. Jackson
Georgia Bar No. 264902
Counsel for Plaintiff

Filed 8/22/12 at 11:00 A.
_Elylek H Ble/dep_
Clerk, Butts Superior Court

# EXHIBIT B

2018CV02033

| | |
|---|---|
| STATE COURT OF CLAYTON COUNTY | |
| 9151 TARA BOULEVARD, RM ICL181 | |
| JONESBORO, GA 30236 | |

e-Filed 12/19/2018 7:57 AM

o.c.d. Yiki Brown
CL345613
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Janice Miller

Garnishment #:

**Plaintiff:** COMPREHENSIVE LEGAL SOLUTIONS, INC

**Address:** 1315 WESTBROOK PLAZA DRIVE
WINSTON-SALEM, NC 27103

2018CV02033

**Phone #:** 336-354-0110

Total: $67,416.44

**Plaintiff's Attorney:** C/O BROCK & SCOTT, PLLC, DORIAN WOOLASTON, GSB 364919/MICHELLE TAYLOR, GSB 235994

vs

**Defendant:** RICHARD D ARNDT

**Address:** 888 FOUNTAIN CIR
STOCKBRIDGE, GA 30281

**CONTINUING GARNISHMENT**
Do not use this form for a continuing garnishment for child support or alimony.
See O.C.G.A. § 18-4-73

**Garnishee:** HWC LOGISTICS, INC

**Address:** C/O MICHAEL OWENS
5300 KENNEDY ROAD, FOREST PARK, GA 30297

## AFFIDAVIT

Personally appeared ___Michelle Taylor___, who on oath says:

1. I am the (Plaintiff) (Attorney at Law for Plaintiff) (Agent for Plaintiff). [Circle One]

2. The Plaintiff obtained a Judgment against the Defendant in Case Number ___11-V-318(W)___, in the ___SUPERIOR___, Court of ___BUTTS___, County, ___GEORGIA___ State, and no agreement requires forbearance from the garnishment which is applied for currently.

3. $ 67,200.44 is the balance due, which consists of the sum of $ 25,989.67 Principal, $ 10,271.27 Postjudgment interest, and $ 30,939.50 Other (e.g., prejudgment interest, attorney's fees, costs [exclusive of the costs of this action]).

4. Upon the Affiant's personal knowledge or belief, the sum stated herein is unpaid.

5. The Affiant believes that the Garnishee is an employer of the Defendant.

This 18th day of December, 2018.

Sworn to and subscribed before me
This 18 day of December, 2018.

Notary Public/Deputy Clerk of Court

| |
|---|
| OQLEE BUNTON, JR. |
| NOTARY PUBLIC |
| FORSYTH COUNTY, NC |
| My Commission Expires 2-26-2023 |

Affiant

Michelle Taylor
Print Name of Affiant

Approved:

Janice Miller

~~Judge~~ of State Court
D/C